UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Friedrich Lu, Plaintiff      )     Civil Action No 24-1169
        V           )
John F Kerrym et al, Defendants    )

<u>PLAINTIFF'S RULE 46 STATEMENT ON BOSTON CARDINAL AND HIS ATTORNEY</u>

(1)     Defendants Seán Patrick O'Malley (cardinal) and Francis J O'Connor (church attorney) were served with process on Apr 11, 2024. They had 20 days to answer - - on or before May 2.

(2)
(a)     On May 6, 2024, they filed a motion for extension of time to respond, with a copy emailed to Friedrich Lu. Lu immediately emailed back:

"I intend to oppose. Firstly I amended the complaint on Mar 30, not Apr 1. Besides, there is nothing for you to EXTEND time, because cardinal and co-defendant is in default. I am consulting you, to wake you up from your delusion. And I do not like the fact that cardinal himself, allowed underlings to, via United States Department of Justice, collude with a judge and clerk in a  state court and then judges and a clerk in federal court at Boston, Massachusetts, Now he shows no remorse in this court. All of these will come out, does he know?

Not only that, the cardinal (as well as the attorney), when sued later on, personally participated in judicial corruption. That is how both are sued at the case at bar.

(b)     On the day the motion was filed (May 6), the court (R Barclay Surrick, J) ignored local rule of this court that conferred fourteen days for Lu to oppose said motion, allowed the motion.

(3)
(a)     Fed Rule Civ Proc ("Rule") 46 (2007 ed) provides in pertinent part: "Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made." See *Pacheco* v *El Habti* (CA10 2023) 62 F.4th 1233, 1241, n 6; *Marlin* v *Moody National Bank, NA* (CA5 2008) 533 F.3d 374, 380.

(b)     Hewing to the rule, *Stone* v *Morris* (CA7 1976) 546 F.2d 730, 736 suggested: "although it would have been the better course for plaintiff's counsel to have registered a formal objection" after the fact. Which is what Lu is doing.

(4)

(a)      Both defendants were belated on May 6, and Rule 6(b)(1) kicked in:

"When an act may or must be done within a specified time, the court may, for good cause, extend the time * * * (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Interpreting similar bankruptcy rule 9006, Pioneer Investment Services Co v Brunswick Associates

Limited Partnership (1993) 507 US 380 interpreted "excusable neglect."

(b)      Moreover, these two defendants (cardinal and attorney) must demonstrate meritorious defense.

(c)      But their May 6, 2024 motion not only concealed the fact that the motion was untimely, but also

proffered nothing listed in this paragraph.


Plaintiff:      Friedrich Lu, pro se    /s/ Friedrich Lu
Date:          May 15, 2024
Email address: chi2flu@gmail.com
Address:     % St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112
        Under penalty of perjury, Lu certifies that on the same day, je serves a copy of this document electronically on Francis J Deasey.