IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRIEDRICH LU                          :
                                      :        CIVIL ACTION
        v.                            :
                                      :        NO. 24-1169
JOHN F. KERRY, *ET AL.*               :

**MEMORANDUM**

**SURRICK, J.**                                          **MARCH 21, 2025**

This is the latest civil action filed by *pro se* Plaintiff Friedrich Lu, who has filed two

previous actions in this Court and more than 60 lawsuits in other federal and state courts.[1]  In this

case, Plaintiff seeks to assert thirty-five claims against approximately 580 named defendants.[2]

(*See* Compl., ECF No. 1; Am. Compl., ECF No. 8.)  Along with his initial Complaint and Amended

Complaint, Plaintiff has also filed a Motion to Disqualify Entire District Court and For Intracircuit

Assignment (ECF No. 2), a Motion to Redact (ECF No. 3), a Motion for Injunctive Relief Against

the City of Boston (ECF No. 20), an Emergency Motion to Enjoin Joseph M. [L]ee and [His]

Employee[3] (ECF No. 25), a Motion to Identify Deficiency in Service of Process (ECF No. 26),

and Motion to Disqualify Judge Surrick (ECF No. 35).

For the following reasons, Plaintiff's Amended Complaint will be dismissed *sua sponte*

without prejudice, the above-referenced motions will be denied, and Plaintiff will be ordered to

---

[1] Although Lu is *pro se*, he is an experienced litigant who has been advised by numerous courts about the pleading requirements necessary to establish jurisdiction and plausibly state a claim.  *See, e.g.*, *Lu v. Downie*, No. 15-11558, 2016 WL 3976570 (D. Mass. July 22, 2016); *Lu v. Niles*, No. 16-12220, 2017 WL 3027251 (D. Mass. July 17, 2017); *Lu v. Laprocina*, 1:21-cv-11493, 2022 WL 21769764 (D. Mass. May 31, 2022).

[2] It appears that most, if not all, of the Defendants named in this action were adverse parties, their counsel, or judges involved in one or more of Lu's previous lawsuits.

[3] Joseph M. Lee and his alleged employee, identified only as "Jesús ___," are also named as Defendants in Lu's Amended Complaint.  (Am. Compl. at 1, 1-18, 25 (ECF paginaton).)

show cause why a filing injunction should not be imposed for any future filings in this Court that

relate to cases that have already been litigated or are pending in this or other federal courts.

I.      **BACKGROUND**

Plaintiff is a prolific and apparently undeterrable *pro se* litigant who has repeatedly violated

a filing injunction imposed by the District of Massachusetts, where he has filed 45 civil lawsuits,

the first in 1995 and the most recent in May 2023.  In response to these constant filings, the District

of Massachusetts issued an Order on March 29, 2002, which stated:

> In his numerous filings, Lu has maligned the court and challenged
> its authority.  Lu has also, on occasion, made veiled threats to the
> defendants.  One of Lu's threats in another case necessitated the
> issuance of a restraining order … [T]he individuals Lu sues must
> incur the costs associated with responding to Lu's allegations each
> time he files a new case.  Lu's complaints have also significantly
> burdened the state and federal court systems and their limited
> resources.

(*Lu v. Harvard School of Dental Medicine*, *et al.*, Case No. 00-cv-11492, ECF No. 49.)  The Order

also set forth several requirements for any future pleadings that Lu might file in the District of

Massachusetts.  Nevertheless, Lu repeatedly failed to comply with the Order's terms.  *See, e.g., Lu*

*v. Menino*, 98 F. Supp. 3d 85, 107-09 (2015); *Lu v. Niles*, 2017 WL 3027251, at *2 (D. Mass. July

17, 2017); *Lu v. Capitol Waste Servs., Inc.*, 2019 WL 8756875, at *1 (D. Mass. Sept. 19, 2019);

*Lu v. Clarke*, 2021 WL 783964, at *1 (D. Mass. Feb. 26, 2021).[4]

---

[4] Since issuance of the 2002 Injunction Order, judges in the District of Massachusetts have
dismissed subsequent actions filed by Lu or imposed other sanctions against him for violating the 2002
Injunction Order.  *See*, *e.g.*, *Lu v. Massachusetts Inst. of Tech.*, No. 02-11860, ECF No. 22 (D. Mass. Jan.
15, 2003) (imposing $500 sanction for Lu's failure to comply with court orders and requirements of the
Federal Rules of Civil Procedure); *United States ex rel. Lu v. Gamboa-Ruiz*, No. 18-10105, 2019 WL
608837, at *3 (D. Mass. Feb. 13, 2019) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing
to comply with 2002 Injunction Order), *aff'd sub nom. United States v. Trustees of Tufts Coll.*, No. 19-
1381, 2019 WL 9524094 (1st Cir. Dec. 12, 2019); *Lu v. Capitol Waste Servs., Inc.*, No. CV 19-11458-FDS,
2019 WL 8756875, at *2 (D. Mass. Sept. 19, 2019) (dismissing action with prejudice under Rule 41(b) as
sanction for violating 2002 Injunction Order); *Lu v. Carrasco*, No. 20-10031, 2020 WL 5359950, at *3 (D.
Mass. July 30, 2020) (dismissing case for failure to comply with 2002 Injunction Order); *Lu v. Stanton*, No.
20-10366, 2020 WL 5395503, at *4 (D. Mass. July 30, 2020) (same); *Lu v. Davis*, No. 19-11968, 2020 WL

Lu has also filed two actions in the Northern District of Illinois, one in the District of Columbia, one in the Northern District of Texas, and this is Lu's third lawsuit in this District. Although the allegations in Lu's Amended Complaint are difficult to discern, the thrust is dissatisfaction with a litany of prior court cases and adverse rulings, which he attributes to far-ranging conspiracies and judicial corruption. Lu's specific allegations run the gamut from collusion among large telecommunications companies to minor nuisances in Massachusetts' public spaces. The common thread among these allegations is that they are too vague, conclusory, and unintelligible to state any plausible claim. Moreover, the Court lacks jurisdiction to hear many of Plaintiff's claims that are raised under Massachusetts state law.

## II.    LEGAL STANDARD

As Plaintiff is *pro se*, the Court construes the allegations in the Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id*. However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id*.

---

7408278, at *10 (D. Mass. Nov. 2, 2020) (recommending dismissal with prejudice for violating 2002 Injunction Order), report and recommendation adopted, 2020 WL 8026733 (D. Mass. Nov. 24, 2020); *Lu v. Clarke*, No. 20-12010, 2021 WL 783964, at *1 (D. Mass. Feb. 26, 2021) (dismissing action with prejudice for violating 2002 Injunction Order), *aff'd*, No. 21-1245, 2022 WL 905848 (1st Cir. Jan. 25, 2022); *Lu v. Budd*, 546 F. Supp. 3d 9, 11 (D. Mass. 2021) (dismissing action with prejudice *sua sponte* for continued violation of 2002 Injunction Order); *Lu v. Laprocina*, No. 21-11493-JDL, 2022 WL 21769764, at *5 (D. Mass. May 31, 2022) ("Because Lu has not complied with the 2002 Order in this case, dismissal of his complaint with prejudice is warranted."); *Lu v. Kastner*, No. 23-10951, 2023 WL 4976548, at *1-2 (D. Mass. Aug. 3, 2023) (dismissing complaint with prejudice and imposing additional filing injunction), *appeal dismissed*, No. 23-1731, 2023 WL 10272314 (1st Cir. Oct. 11, 2023).

The Court has the authority to dismiss claims *sua sponte* under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) (citing *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980)). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While a court will accept well-pled allegations as true for the purposes of a motion to dismiss, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court also possesses the inherent power to *sua sponte* dismiss claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), including where the claims are completely devoid of merit. *See DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (affirming district court's *sua sponte* dismissal of plaintiff's complaint where he had paid the filing fees but his claims relied on "fantastic scenarios lacking any arguable factual basis").

Moreover, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 further requires "that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

Complaints that constitute "shotgun pleadings" are among those that violate Rule 8. *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017). Among the four categories of shotgun pleadings are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see also Bartol*, 251 F. Supp. 3d at 859 (quoting *Weiland* categorization of shotgun pleadings).

## III.    DISCUSSION

In a clear attempt to evade the filing injunction and conditions that have been imposed by the District of Massachusetts, [5] Lu now seeks redress in this District for decades of grievances and adverse rulings. Lu's Amended Complaint chronicles his long history of litigation and seeks to "establish and assess damages of judicial corruption[.]" (Am. Compl. at 5.) Moreover, although Lu claims that "[t]his lawsuit does not seek to overturn any of the underlying cases," he admits his intention to "return to each underlying case to obtain [a] jury verdict for damage[s]." (*Id.*) While the Court is confident that dismissal of Lu's Amended Complaint would be proper under Rule 8, we have endeavored to liberally construe Plaintiff's allegations and evaluate them under the Rule 12(b)(6) and 12(b)(1) standards.

### A.    Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (Counts 1, 34)

Plaintiff brings two counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court[.]" 18 U.S.C. § 1964(c).

---

[5] The Court notes that a significant majority of Plaintiff's allegations occurred in Massachusetts and that Lu has not established that this District is a proper venue. *See* 28 U.S.C. § 1391(b)(1) (setting forth where a civil action may be brought).

"[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014). Furthermore, RICO does not provide a cause of action where the damages alleged are "speculative." *Maio v. Aetna, Inc.*, 221 F.3d 472, 495 (3d Cir. 2000) (speculative damages that were "predicated exclusively on the possibility that future events might occur" could not form the basis of a RICO injury). This restrictiveness "helps to assure that RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff." *Id.* at 483.

Here, Plaintiff purports to raise RICO claims against "all defendants"—of whom there are several hundred—without plausibly alleging facts as to how each is implicated in a purported conspiracy. (Am. Compl. at 7.) Instead, Plaintiff baldly asserts that "[t]he predicate act is … obstruction of justice." (*Id.*) Even construing Plaintiff's allegations liberally, these types of threadbare assertions fail to state a claim under RICO.

Lu's failure to allege an injury to business or property is likewise fatal to any RICO claim. *See Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 229 (3d Cir. 2007) ("A plaintiff alleging a civil RICO violation under either § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Here, Lu's generic reference to "obstruction of justice" does not constitute the kind of tangible injury required to state a claim under RICO. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest.")

Lu's RICO claims (Counts 1 and 34) will be dismissed.

**B.    Generic References to United States Code (Counts 2, 11-13, 15)**

In Counts 2 and 11-13 Lu makes passing references to provisions of the United States Code with, at most, wholly conclusory statements that fail to plausibly state a claim. (*See, e.g.*, Am.

Compl. at Count 2 (stating the "Garland is sued ... for failure to decide appeal under Freedom of Information Act within 20 business days" without providing any additional background or timeline).)  Even construing Plaintiff's allegations under the liberal standard that applies to *pro se* litigants, the Court finds that these conclusory assertions fail to state a claim under Rule 12(b)(6). Counts 2 and 11-13 will therefore be dismissed.

In Count 15 Lu purportedly brings a claim under 47 U.S.C. § 207, which provides that "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter [, which regulates common carriers,] may … bring suit for the recovery of the damages for which such a common carrier may be liable under the provisions of this chapter, in any district court of the United States."  Plaintiff alleges that Comcast and Verizon are "telecommunications carriers [that] colluded with DOJ[.]"  (Am. Compl. at 9.)  He further claims that "[t]o this end, DOJ recruited" a cast of dozens of state and federal judges, members of Congress, Massachusetts state officials and others.  (Am. Compl. at 9-12.)  However, Lu fails to plausibly allege how the various actors engaged in collusion or violated the relevant statutory provisions.  We therefore find that these conclusory statements fail to state a claim under Rule 12(b)(6).  Count 15 will thus be dismissed as well.

### C.    *Bivens* Action (Count 14)

Lu's *Bivens* claim in Count 14 must also be dismissed.  To allege a *Bivens* claim, Lu must plead "conduct by a federal actor depriving him of a constitutional right or a right secured by federal law."  *Hamilton v. Gugger*, No. 21-1970, 2021 WL 2414595, at *3 (E.D. Pa. June 14, 2021).  Lu's *Bivens* claim fails for several reasons.

First, while Lu references an "unreasonable seizure under [the] Fourth Amendment," he has not asserted this claim against any defendants, nor stated how he was subjected to an unreasonable search or seizure.  (*See* Am. Compl. at 9.)  The allegations are therefore too vague

7

and conclusory to state a claim. Second, to the extent that Lu seeks to bring a *Bivens* action against private or state actors, *Bivens* generally does not provide a basis for reaching these kinds of individuals. *See, e.g.*, *Hamilton v. Gugger*, No. 21-1970, 2021 WL 2414595 at *3 (dismissing *Bivens* claim against state actors). Third, since sovereign immunity has not been waived to allow a plaintiff to raise federal constitutional claims against the federal government, Lu also cannot raise a *Bivens* claim against the federal courts. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"); *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (per curiam) (explaining that "[a] Bivens action is not available against the United States or one of its agencies"). Fourth, to the extent Lu seeks to raise a *Bivens* claim against federal judges, they are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of jurisdiction. *See Stump v. Starkman*, 435 U.S. 349, 355 (1978); *see also Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006). Lu's *Bivens* claim in Count 14 will therefore be dismissed.

D.     **Section 1983 Claims (Counts 16, 17, 22-23, 25-26, 28, 31-32)**

Plaintiff's claims under 42 U.S.C. § 1983 also fail. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent the Court can discern Plaintiff's bases for Section 1983 claims, they appear to fall within four categories. First, in Count 16 Lu alleges a fantastical conspiracy in which the Department of Justice, senators, and judges collaborated to ensure that any judges hearing Lu's cases would be willing to dismiss the claims. These allegations are implausible, as it is not reasonable to infer that a conspiracy is the reason why several courts have found Lu's claims

meritless and dismissed them.  Second, in Count 17 Lu makes an entirely conclusory reference to "42 USC § 1983: in violation of Fourteenth Amendment (due process clause) against Georgetown and Williams."  (*See* Am. Compl. at 15.)  Third, Counts 22-23, 25-26, 28, and 32 are premised on Lu's personal grievances, which include concerns over "motion sensors in stalls for toilets and showers," time limits on computer use at a public library, the manner in which a cleaning company disposed of its trash, and frustrations with the Massachusetts Bay Transportation Authority.  For each of these claims, Plaintiff fails to plausibly allege that his grievances amount to federal constitutional violations and were performed by individuals acting under color of state law.  Fourth, in Counts 25 and 31 Plaintiff asserts violations of Section 1983 based on adverse rulings of state courts and agencies, while baldly asserting that he was deprived of access to the courts under the First Amendment and due process under the Fourteenth Amendment.  Since Plaintiff's allegations consist entirely of threadbare assertions and legal conclusions, he fails to plausibly allege facts from which the Court could find that Lu is entitled to relief.  Lu's Section 1983 claims are therefore dismissed.

### E.     Claims Under Massachusetts State Law (Counts 3-10, 18-21, 24, 27, 29-30, 33, 35)

To the extent that Lu seeks to raise claims under Massachusetts common law and state statutes, these claims too fail for several reasons.

First, Plaintiff purports to raise certain claims against the federal actors based on Massachusetts state law.  (*See* Am. Compl. at Counts 10, 30, 33.)  However, claims against federal agencies and officials under state law are barred by the doctrine of sovereign immunity.  *See Clark v. Wells Fargo Bank*, 585 F. App'x 817, 819 (3d Cir. 2014) ("The federal government is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (quoting *United States v. Testan*, 424 U.S. 392, 399

9

(1976))).  Moreover, even if the Court were to construe Plaintiff's allegations as an attempt to proceed under the Federal Tort Claims Act ("FTCA"), which provides a limited waiver to sovereign immunity, these claims would still fail.  Lu cannot proceed under the FTCA because he has not complied with its mandatory administrative procedure, *see Clark*, 585 F. App'x at 820, and he has also not plausibly alleged a claim under Rule 12(b)(6).

Second, with respect to Plaintiff's claims against state and private actors under Massachusetts law, he has not sufficiently alleged facts to show that the Court has jurisdiction to hear such claims.  Having dismissed Lu's federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Section 1332(a) requires "complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal citations omitted).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344  (3d Cir. 2011). Moreover, it is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72, 59 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and address the amount in controversy requirement).

Lu has not sufficiently alleged facts to show that the state and private defendants for Lu's state law claims are diverse.  In Counts 3-9, 19-20, and 35, Lu does not name any defendants, so the Court cannot assess diversity with respect to these claims.  In Counts 18, 21, 24, 27, and 29-33, Lu's allegations are against private actors and Massachusetts state officials.  Although Lu has not specifically alleged where he and these defendants are domiciled, Lu's allegations take place overwhelmingly in Massachusetts, and Lu's referenced mailing address is also in Massachusetts.  These allegations and references signal that complete diversity is likely absent.  Regardless, since it is the plaintiff's burden to allege facts from which the Court can determine whether it has jurisdiction, and Lu has failed to do so, these claims will be dismissed under Rule 12(b)(1).

Moreover, even if Plaintiff had adequately pled facts to show that jurisdiction exists, dismissal of Plaintiff's claims under Massachusetts law would still be warranted under Rule 12(b)(6).  For these reasons, Plaintiff's claims will be dismissed.

## IV.    PENDING EMERGENCY MOTIONS

Lu also filed two emergency motions against the City of Boston and Joseph M. Lee, as well as his employee, seeking relief in the form of a temporary restraining order or preliminary injunction.  (*See* ECF Nos. 20, 25.)  To show that he is entitled to relief, Lu must demonstrate: (1) a likelihood of success on the merits; (2) that the movant will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the preliminary relief is in the public interest.  *Kos Pharms., Inc. v. Andrx Corp.,* 369 F.3d at 708.  Moreover, "[p]reliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Id.*  Indeed, a court should not grant relief "unless the movant, by a clear showing, carries the burden of persuasion." *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018).

11

Although Lu appears to raise new allegations in his emergency motions that are not specifically referenced in his Amended Complaint, these additional allegations also fail to show that he is entitled to relief. In Lu's first emergency motion against the City of Boston, he claims that he has been harassed by police officers regarding his presence at a parking space and/or private alley. His basis for claiming harassment is that the police have apparently relayed complaints about his presence at the location and "mouth[ed]" the term "trespass[.]" (*See* ECF No. 20 at 2.) In Lu's second emergency motion, he claims that individuals from a cleaning company requested that he depart from "Private Alley 546," have improperly dumped trash in the alley, and have posted signs stating, "No Trespassing." (*See* ECF No. 25 at 1.) Having reviewed these additional allegations in Lu's emergency motions, we find that he has not established any of the elements to show that he is entitled to injunctive relief, and his motions are therefore denied.

## V.    MOTIONS TO DISQUALIFY

With respect to Lu's Motion to Disqualify Entire District Court and for Intra-circuit Assignment (ECF No. 2) and Motion to Disqualify Judge Surrick (ECF No. 35), Lu fails to establish the procedural and substantive requirements to show that recusal is necessary. A judge must recuse himself if a party files a "timely and sufficient affidavit" stating facts and reasons establishing that said judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144. A judge must also recuse himself where his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to "a reasonable person, with knowledge of all the facts." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128 (3d. Cir. 1987)). Here, Lu's motion fails to set forth any facts or reasons that could adequately support claims of bias or prejudice, and his history of unfavorable outcomes is not a basis for recusal. *See N'Jai v. Pittsburgh Bd. Of Pub.*

*Educ.*, 487 F. App'x 735 (3d Cir. 2012) (holding that plaintiff's request for recusal, which was filed several months after judge was assigned and without a supporting affidavit, failed to satisfy requisite procedural requirements and was based on previous unfavorable rulings, which is not a basis for recusal); *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("a party's displeasure with legal rulings does not form an adequate basis for recusal.")

## VI.    CONCLUSION

For the foregoing reasons, Lu's Amended Complaint will be dismissed *sua sponte*, Lu's pending motions[6] will be denied, and Lu will be ordered to show cause why a filing injunction should not be imposed for any future filings in this Court that relate to cases that have already been litigated or are pending in this or other federal courts.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[6] In addition to Lu's Emergency Motions (ECF Nos. 20, 25) and Motions to Disqualify (ECF Nos. 2, 35), Lu has also filed a Motion to Identify Deficiency in Service of Process (ECF No. 26) and a Motion to Redact (ECF No. 3). Lu's Motion to Identify Deficiency in Service of Process will be denied as moot. Likewise, Plaintiff's Motion to Redact will be denied because he has not carried the burden of rebutting the presumptive right of public access to the judicial record.