# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIEDRICH LU | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 24-1169 |
| JOHN F. KERRY, *ET AL.* | : | |

## ORDER

**AND NOW**, this  5th  day of September, 2025, the Court having issued an Order and accompanying Memorandum that (1) dismissed *sua sponte pro se* Plaintiff Friedrich Lu's Amended Complaint without prejudice; (2) denied Plaintiff's Motions docketed at ECF Nos. 2, 3, 20, 25, and 26; and (3) ordered Plaintiff to show cause why his pattern of litigation conduct did not warrant imposition of a tailored filing injunction (*see* March 21, 2025 Memorandum and Order, ECF Nos. 37, 38);[1] and the Court having considered Plaintiff's Response to the March 21, 2025 Order (ECF No. 40); and the Court finding that Plaintiff has exhibited a pattern of abusive litigation activity in this action and in numerous matters before other federal courts, it is **ORDERED** that:

    1.    Pursuant to the All Writs Act, 28 U.S.C. § 1651(a):[2]

        a.    **Except for a notice of appeal from this Order**, Plaintiff Friedrich Lu is **ENJOINED** from filing any further motions or documents in this case without obtaining prior leave of this Court.

        b.    Plaintiff Friedrich Lu is **ENJOINED** from filing any new civil actions in this Court against any of the Defendants in this matter asserting claims that relate, directly or indirectly, to claims that have already been raised or disposed of on the merits by a federal court.

        c.    If Plaintiff seeks to file a new civil action in this Court, he must seek leave of this Court and shall submit to the Court a copy of the proposed

complaint, a copy of this Order, and his certification, under oath, that: (1) the claims he seeks to assert have never before been raised or disposed of on the merits by a federal court; (2) he believes the facts contained in the proposed complaint to be true; and (3) there is no reason why the claims are foreclosed by controlling law.

        d.        If Plaintiff fails to submit the required certification, submits a false certification, or otherwise violates the terms of this Order, he may be found in **CONTEMPT OF COURT** and sanctioned accordingly.

    3.    **Except for a notice of appeal from this Order** (*see* ¶ 1(a) above), the Clerk of Court **SHALL NOT DOCKET** without prior approval of this Court: (a) any further filings by Plaintiff in this case or (b) any new civil case submitted by Plaintiff.

    4.    It is further **ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

**IT IS SO ORDERED.**

                **BY THE COURT:**

                */s/ R. Barclay Surrick*
                **R. BARCLAY SURRICK, J.**

---

[1] On March 23, 2025, Plaintiff filed a document titled "Plaintiff's Notice to Waive Both Entry of Judgment and Notice of Appeal." (*See* March 23, 2025 Notice, ECF No. 39.) This filing, which was docketed as a Notice of Appeal of the March 21, 2025 Memorandum and Order, stated, *inter alia*, "[h]aving waived the filing of notice of appeal (on the merit of the case), [Plaintiff] foregoes the appeal, which is straightforward." (*Id*. at 3 (ECF pagination); *see also Lu v. Tucker Law Grp. LLC*, *appeal docketed*, No. 25-1532 (3d Cir. Apr. 2, 2025).) On April 3, 2025, Plaintiff filed a Notice in the appeal stating:
> (1) Friedrich Lu was plaintiff in *Lu v. Kerry*, US Dist Ct (E.D.PA) Civil Action No. 24-1169. District Court dismissed the case *sua sponte* on Mar 21, 2025. Two days later, Lu filed a notice not to appeal the dismissal.
> (2)
> (a) It is unclear (to Lu) why the instant case or appeal was docketed in this court.
> (b) Lu washes his hands of it (the case at bar).

(See 3d Cir. Dkt. No. 4.) On April 8, 2025, the Third Circuit dismissed the appeal pursuant to Fed. R. App. P. 42(b). (See 3d Cir. Dkt. No. 5.)

---

² The All Writs Act permits a district court to enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). The "broad scope" of this power is limited by "two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts." *Id*. District courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id*. First, the court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id*. Second, the court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Id*. Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the District Court." *Id*.

Each of these requirements is satisfied here. First, as noted in the Court's Mar. 21, 2025 Memorandum, Plaintiff has engaged in a decades-long pattern of filing meritless and repetitive lawsuits. (*See* ECF No. 37 at 2 ("Plaintiff is a prolific and apparently undeterrable *pro se* litigant who has repeatedly violated a filing injunction imposed by the District of Massachusetts, where he has filed 45 civil lawsuits, the first in 1995 and the most recent in May 2023.").) Plaintiff also has filed two actions in the Northern District of Illinois, one in the Northern District of Texas, one in the District of Columbia, and two previous lawsuits in this District, all of which were dismissed at the pleading stage. *See Lu v. Garland*, No. 24-239, Order, ECF No. 20 (N.D. Tex. July 1, 2025) (dismissing action *sua sponte* pursuant to Fed. R. Civ. P. 41(b)); *Lu v. Young*, No. 23-1239, 2023 WL 5153515 (E.D. Pa. Aug. 10, 2023) (dismissing complaint), *appeal dismissed*, No. 23-1845, 2024 WL 1634081 (3d Cir. Apr. 16, 2024), and *aff'd*, No. 23-2496, 2024 WL 3160363 (3d Cir. June 25, 2024); *Lu v. Comcast Cable Commc'ns, LLC*, No. 22-3633, 2023 WL 7129947 (E.D. Pa. Oct. 27, 2023) (dismissing complaint for insufficient service and failure to state a claim), *aff'd*, No. 23-3135, 2024 WL 1826423 (3d Cir. Apr. 26, 2024); *Lu v. Castillo*, No. 22-3683, 2022 WL 17846580, at *1 (D.D.C. Dec. 22, 2022) (dismissing complaint *sua sponte* for failure to state a claim), *aff'd*, No. 23-5011, 2023 WL 2879994 (D.C. Cir. Apr. 10, 2023); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 776 (7th Cir. 2004) (affirming dismissal of *pro se qui tam* action and noting, "[t]he district judge was correct; the complaint is incoherent, even crazy"), *abrogated on other grounds by U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009); *Lu v. Dep't of Veterans Affs*, No. 00-1158, Minute Order, ECF No. 19 (N.D. Ill. May 9, 2001) (dismissing action after plaintiff failed to appear at status hearing and failed to respond to previous court order). Second, Plaintiff was given notice and the opportunity to show cause why this injunction should not issue. (*See* Mar. 2, 2025 Order.) However, his cursory Response consists of conclusory assertions and offers no cogent reason why a filing injunction is unwarranted. (*See* Pl.'s Response (stating "[i]t is not Lu's job to tell the court how to do its job"; "[the Court's] *Order* is wholly deficient and fatally flawed"; and "Lu is superb at law. . . At first glance and after extensive research for days, Lu has no doubt about his position." (italics in original)).) Finally, the injunction is narrowly tailored to preclude Plaintiff from pursuing in this case or in new civil actions claims against the Defendants named here that have already been raised or disposed of on the merits by a federal court.